## UNITED STATES v. LEAVITT (No. 1650).[1]

1. "SPRUCE GUM, CLEANED."

Following United States v. Maine Central Railroad Co. (7 Ct. Cust. Appls., 114; T. D. 36427) spruce gum is not classifiable as a drug under either paragraph 27 or 477, tariff act of 1913.

2. PLEADING—PROTEST—EVIDENCE—PRESUMPTION IN FAVOR OF COLLECTOR.

The collector's assessment of merchandise, even if incorrect, shall not be disturbed unless the protest makes claim for assessment under the correct provision of the tariff act; and the decision of the Board of General Appraisers sustaining a protest which objects to one wrong classification and claims another also wrong is reversed.

### United States Court of Customs Appeals, May 23, 1916.

APPEAL from Board of United States General Appraisers, Abstract 38383.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.

Submitted on record by appellee.

[1] Reported in T. D. 36460 (30 Treas. Dec., 950).

[Oral argument Apr. 11, 1916, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The present case relates to certain merchandise which was reported by the appraiser to be "spruce gum, cleaned," and was assessed with duty by the collector at the rate of 10 per cent ad valorem under the provision for drugs, advanced in value or condition by shredding, grinding, chipping, crushing, or other like process, contained in paragraph 27 of the tariff act of 1913.

The importer protested against the assessment, claiming free entry for the merchandise under the provisions of paragraph 477 of the same act for drugs not advanced in value or condition by means of any of the processes above enumerated.

The protest was submitted to the Board of General Appraisers and was sustained. The Government appeals.

Merchandise which is substantially identical with that now before the court was involved in the case of United States *v.* Maine Railroad Co., which has just been decided by the court (7 Ct. Cust. Appls., 114; T. D. 36427). In that case the court held that the article in question is not a drug within the meaning of either paragraph 27 or paragraph 477 of the tariff act of 1913. In accordance, therefore, with the foregoing ruling of the court, it is likewise held herein that the present merchandise is not within the enumerations of either of the paragraphs above cited. Inasmuch, therefore, as the importer in his protest claimed assessment of the merchandise under paragraph 477, *supra*, only, the protest should have been overruled regardless of the incorrectness of the collector's assessment. The rule is of course elementary that the collector's assessment of merchandise, even i incorrect, shall not be disturbed unless the protest makes claim for assessment under the correct provision of the act. In the present case, therefore, the protest should have been overruled, and the board's decision sustaining it is *reversed*.