UNITED STATES v. EASTERN DRUG CO. (No. 1647). UNITED STATES v. PERKINS CO. (No. 1648).[1]

1. SPRUCE GUM.
    There being no evidence in the record that spruce gum is a drug, it can not be classified under either paragraph 27 or 477, tariff act of 1913.

2. EVIDENCE—COLLECTOR'S CLASSIFICATION PRESUMPTIVELY CORRECT.
    The collector's classification of spruce gum under paragraph 27, tariff act of 1913, though erroneous, must stand when the only claim in the protest is for classification under paragraph 477, also erroneous

United States Court of Customs Appeals, May 31, 1916.

APPEALS from Board of United States General Appraisers, Abstract 38383.
[Reversed.]

Bert Hanson, Assistant Attorney General (Thomas J. Doherty, special attorney, of counsel), for the United States.
Eugene C. Brokmeyer and Leonard J. Mather for appellees.

[Oral argument April 11, 1916, by Mr. Hanson and Mr. Mather.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:
Spruce gum was classified by the collector of customs at the port of Portland, Me., as spruce gum advanced in value. The merchan-

dise was assessed for duty at 10 per cent ad valorem under that part of paragraph 27 of the tariff act of 1913 which reads as follows:

27. Drugs, such as barks, beans, berries, * * * gums, * * *; any of the foregoing which are natural and uncompounded drugs and not edible, and not specially provided for in this section, but which are advanced in value or condition by shredding, grinding, chipping, crushing, or any other process or treatment whatever beyond that essential to the proper packing of the drugs and the prevention of decay or deterioration pending manufacture, 10 per centum ad valorem: * * *.

The importers claim that the merchandise was free of duty under that part of the free list reading as follows:

FREE LIST.

That on and after the day following the passage of this act, except as otherwise specially provided for in this act, the articles mentioned in the following paragraphs shall, when imported into the United States * * * be exempt from duty:

    *        *        *        *        *        *        *

477. Drugs, such as barks, beans, berries, * * * gums, * * *; any of the foregoing which are natural and uncompounded drugs and not edible, and not specially provided for in this section, and are in a crude state, not advanced in value or condition by shredding, grinding, chipping, crushing, or any other process or treatment whatever beyond that essential to the proper packing of the drugs and the prevention of decay or deterioration pending manufacture: * * *.

The Board of General Appraisers sustained the protest, and the Government appealed.

We have very carefully examined the record in this case and we do not find any evidence whatever showing or tending to show that spruce gum is a drug or that it is used as a medicine or in the compounding of medicines or that it is a stuff used in dyeing or in chemical operations. It is true that the collector has assessed the merchandise for duty under paragraph 27, but he did not, as claimed by the appellees, find that spruce gum was a drug. Spruce gum is, of course, a gum, but the gums provided for in paragraph 27, and also in paragraph 477 of the free list, must be of the kind and class which fall within the category of drugs. As the spruce gum was not shown to be a drug, we must hold, in conformity with the decision of this court in United States *v.* Maine Central Railroad (7 Ct. Cust. Appls., 114; T. D. 36427), that it was not classifiable under either paragraph 27 or paragraph 477. See also United States *v.* Leavitt (7 Ct. Cust. Appls., 144; T. D. 36460).

In the protest of the importers no claim was made other than that the merchandise was entitled to free entry under paragraph 477, and from that it follows that the assessment of the collector must stand, although we do not approve his action in assessing it for duty under paragraph 27.

The decision of the Board of General Appraisers is *reversed.*